Estate of Cora E. Early, Deceased.

Argued April 26, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Ellsworth Jordan,* and with him *T. M. Gealey,* for appellant.

*Allen H. Kerr,* for appellees.

14

OPINION BY BALDRIGE, J., July 14, 1933:

Cora E. Early died testate, August 10, 1930. On October 1, 1926, she executed her will, evidently drawn by a lawyer, wherein she disposed, with considerable detail, of her entire estate. In the seventeenth paragraph thereof, the testatrix bequeathed to Robert W. Early, Jr., in trust, one-half of the residue; one-fourth to Robert W. Early, Sr., and of the other one-fourth she gave $300 for a one-year scholarship at the Pennsylvania College for Women; $100 to the Humane Society; and the remainder of this one-fourth to Mrs. Edwin C. Palmenberg and Mrs. Oscar W. Palmenberg. On December 1, 1926, she executed an unwitnessed, holographic codicil on a separate piece of paper, reading as follows: "I have changed my mind in the paragraph where Mrs. E. C. Palmenberg and Mrs. O. W. Palmenberg were to divide equally the sum left after the bequests for Pennsylvania College for Women and for the Humane Society have been taken out. I want this remainder, whatever it is, to go to Robert W. Early, Sr." On May 31, 1927, she executed a second unwitnessed, holographic codicil, the first paragraph of which reads as follows: "If I, Cora E. Early, should die within a year from the present date would like my possessions disposed of different than my will advises." This was followed by making certain changes in some of her previous bequests, and reaffirming the cancellation of the bequest to Mrs. E. C. Palmenberg and Mrs. O. W. Palmenberg. On November 5, 1928, she wrote, on the lower portion of the same sheet on which the first codicil was written, as follows: "The above holds good another year—for 1929-1930. Cora E. Early." The will and the detached codicils were found in an envelope in the testatrix's safe deposit box in the Pennsylvania Trust Company.

The auditing judge and the court in banc held that the third codicil refers to the first codicil. The appel-

lant's contention is that the third codicil relates to and revives the second codicil. We are confronted with the necessity of determining, from the will and the codicils, the intention of the deceased. Upon the termination of a year after the date of the second codicil, it was cancelled, as the time limit had expired. The will, with the first codicil, remained effective. The testatrix did nothing further until about five months thereafter, when she wrote—"above good for another year." Giving this language the ordinary meaning, it would refer to the writing placed immediately higher on the same page, that is, the first codicil. That expression does not convey the idea that the testatrix was referring to another and detached writing. It was not an effort to revive something that had lost its force, but rather to make certain that the first codicil should be effective for another year. If she intended to renew the second codicil, there was sufficient space to express her purpose on the bottom of the third sheet of that codicil. Furthermore, it is apparent that the testatrix was a woman of intelligence and understanding. She was entirely capable of expressing her intention to revive the second codicil, if such was her purpose. This she did not do.

The appellant argues that if the testatrix wished to make the first codicil effective, no further writing was necessary, as the second codicil had expired and the first was then in effect. Her primary object seems to have been to impose a limitation as to time; for that purpose it was necessary. It was the same plan she followed, in the matter of time, in the second codicil. It may be, as suggested by the appellees, that the testatrix considered the second codicil as revoking the earlier one, and that she desired expressly to revive and extend it. It is unnecessary to determine what moved her to make the third codicil. Certain it is that its provision was subject to a limitation of

time. It is further urgently contended that, as the second codicil was limited to one year, the words, "another year," showed that she had in mind the second codicil. We think it is just as probable that the testatrix's intention was to renew the first codicil one more year from that date.

A careful study of these different writings brings us to the conclusion that the construction placed thereon by the learned court below is correct.

Decree affirmed.